OPINION OF THE COURT
Kenneth W. Rudolph, J.
Defendant, Sears, Roebuck & Co., Inc., moves to dismiss *13 plaintiff’s complaint as a matter of law upon the grounds that there are no triable issues of fact. (CPLR 3212.) Plaintiff cross-moves for summary judgment against the defendant, Sears, Roebuck & Co., Inc., upon the theory of per se liability.
In the case at bar plaintiff, Florence A. Nyemitei, maintains this action against landlord (Atlantic Main Corp.) and tenant (Sears, Roebuck & Co., Inc.) for injuries allegedly sustained in the parking lot of tenant’s store.
The lease agreement between defendants, landlord and tenant, provides, in part, "Landlord will, at landlord’s expense, keep in good order and repair * * * all paving areas”. Tenant argues that upon the express terms of this lease agreement, tenant has no liability to the plaintiff as a matter of law.
In order to answer this question the court must examine common-law liability of landlord and tenant to those who claim injury at the demised premises, and the effect of a covenant to repair upon the question of liability. At common law it is well recognized that there is no implied duty on the part of the landlord to make repairs to the leased premises. In the absence of a statute or a covenant to repair, a landlord is not ordinarily liable for injuries to third parties.
The rule of law adopted by the Court of Appeals (Putnam v Stout, 38 NY2d 607) is that a landlord may be liable for injuries to persons coming onto the land with consent of the lessee upon a contract to keep the premises in repair.
In effect, the landlord’s liability for injuries upon the demised land caused by a condition of disrepair exists if (a) landlord covenants to keep the premises in repair; and (b) the failure to repair creates an unreasonable risk to persons upon the land; and (c) the landlord fails to exercise reasonable care to perform its obligation under the covenant.
In the case at bar landlord covenanted to "keep in good order and repair * * * all paving within areas” described in the lease. The injuries complained of by the plaintiff took place at the subject paving areas.
Landlord’s covenant to repair does not, however, create liability per se, independent of negligence.
Thus, factual questions must be determined by the trier of the facts before landlord may be held liable for the injuries allegedly sustained by the plaintiff.
We must now determine whether, as a matter of law, a covenant to repair by landlord releases tenant of liability to *14 third persons who become injured at the demised premises. At common law, a tenant, occupying the demised premises, may be liable to a third party by negligently suffering the property to become dangerous by reason of tenant’s possession and control.
This liability is independent of any contract between landlord and tenant, the latter’s responsibility being said to arise from continued possession and control of the premises (2B Warren’s Negligence, Landlord & Tenant, § 18.01 et seq.).
If the plaintiff demonstrates that "the defect which caused [her] harm was of such a character or duration that a jury could reasonably conclude that due care would have uncovered it, recovery may be had against the occupier [tenant] of the land” (Putnam v Stout, 38 NY2d 607, 612, supra). The ultimate question of tenant’s liability must be addressed by the trier of the facts.
We conclude that it would be against public policy to relieve tenant from its common-law liability by reason of landlord’s covenant to repair. While the covenant to repair may, as indicated, impose liability upon the landlord, it does not relieve tenant of its common-law liability to third parties upon the demised premises. The tenant’s proper remedy to address the issue, as has been done here, is to cross-claim against the landlord based upon the terms of the lease agreement.
Upon the foregoing, the motion of defendant, Sears, Roebuck & Co., Inc., for summary judgment and the cross motion of the plaintiff for summary judgment be and the same are hereby denied.